UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOTAL INTERACTIVE EVENTS, LLC d/b/a TOTAL ENTERTAINMENT,<br><br>        Plaintiff,<br>v.<br><br>SPECIAL OPS PRODUCTION HOUSE and JULIE ESTES,<br><br>        Defendants. | Civil Action No. 24-08064 (JXN) (JBC)<br><br>**OPINION** |

**NEALS**, District Judge:

This matter comes before the Court upon Defendants Special Ops Production House ("SOP House") and Julie Estes'[1] ("Estes") (collectively "Defendants") motion to dismiss Plaintiff Total Interactive Events, LLC's ("Total Interactive" or "Plaintiff") Complaint ("Compl.") (ECF No. 2) for lack of personal jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 12). Jurisdiction and venue are proper pursuant to 28 U.S.C. §§ 1332 and 1391(b) and (c) respectively. The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendant's motion is **GRANTED**.

### I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, an event production company with a principal place of business in Hackensack, New Jersey, engaged SOP House, a California based LLC, to perform live entertainment production services at an event in New York, hosted by the Swedish audio streaming company

---

[1] Improperly plead as "Julie" Estes.

Spotify, known as "SpotiFEST NY '23" (the "Event"). (Compl. ¶¶ 5, 37). "Prior to the event, Plaintiff requested SOP and Estes execute a non-solicitation agreement; however, SOP and Estes refused." (*Id.* at ¶ 7). According to the Complaint, during the Event SOP House and Estes "disparaged Plaintiff to event planner(s) who were in close communication with Spotify" advising the event planners Plaintiff "was responsible for certain failures at the [E]vent" (*Id.* at ¶¶ 8-9). As a result, despite Plaintiff having performed event production services for Spotify on several occasions since 2019, Spotify did not engage Plaintiff for its event in 2024. (*Id.* at ¶¶ 6, 10).

Plaintiff alleges various causes of action against Defendants: defamation (Count One); tortious interference with prospective economic advantage (Count Two); breach of fiduciary duty (Count Three); conversion and misappropriation of trade secrets and confidential proprietary information pursuant to N.J.S.A. 56:15-2 (Count Four); breach of contract (Count Five); and breach of the implied covenant of good faith and fair dealing (Count Six). (Compl. at 3-7).

On June 14, 2024, Plaintiff filed its Complaint in State Court. (ECF No. 2). On July 26, 2024, Defendants removed the action. (ECF No. 1). On August 16, 2024, Defendants filed the instant motion to dismiss. (ECF No. 12). Plaintiff opposed. (ECF No. 13). Defendants replied. (ECF No. 15). This matter is now ripe for consideration.

## II.  LEGAL STANDARD

### A. Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)

To survive a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a *prima facie* case of personal jurisdiction and the plaintiff is entitled to have [all] allegations taken as true and []

factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004) (citation omitted).

Despite having all reasonable inferences drawn in its favor, the plaintiff cannot rely on the bare pleadings alone to defeat a defendant's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. *Patterson v. FBI*, 893 F.2d 595, 604 (3d Cir. 1990) (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984)). "A Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, *i.e.* whether *in personam* jurisdiction actually lies." *Patterson*, 893 F.2d at 603 (citing *Time Share Vacation Club*, 735 F.2d at 67 n.9). "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." *Patterson*, 893 F.2d at 603-04.

### A. Motion to Dismiss for Failure to State a Claim

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and provide the defendant with "fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotations and ellipses omitted). On a Rule 12(b)(6) motion, the "facts alleged must be taken as true" and dismissal is inappropriate where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (citation omitted). A complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine a complaint's sufficiency, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court

3

must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must "assume the[] veracity" of well-pleaded factual allegations and ascertain whether they plausibly "give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (citations omitted).

### III. DISCUSSION

#### A. Personal Jurisdiction

"[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state[]" so long as the jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotation marks omitted). "[T]o exercise personal jurisdiction over a defendant, a federal court sitting in diversity must undertake a two-step inquiry." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998). First, the court must apply the long-arm statute of the state in which it sits to determine whether exercising personal jurisdiction over the defendant is permitted. *Id.* Second, the court must evaluate whether exercising personal jurisdiction under the given circumstances would be consistent with the requirements of the Due Process Clause of the United States Constitution. *Id.* For a federal court sitting in New Jersey, "this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." *Id.*; *see also Miller Yacht Sales*, 384 F.3d at 96 (citing N.J. Ct. R. 4:4-4(c)); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).

Accordingly, personal jurisdiction over a non-resident defendant is proper in this Court if the defendant has "'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend 'Only traditional notions of fair play and substantial justice.'" *Provident Nat'l*

4

*Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (quoting *International Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Stated differently, to establish personal jurisdiction, the Due Process Clause requires (1) minimum contacts between the defendant and the forum; and (2) that jurisdiction over the defendant comports with "'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe*, 326 U.S. at 320).

"[T]he constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp.*, 471 U.S. at 474 (citing *International Shoe*, 326 U.S. at 316). A defendant must have "'fair warning'" that its conduct will subject it to the jurisdiction of a foreign court. *Burger King Corp.*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977)). A defendant's conduct and connection with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Once a plaintiff demonstrates a *prima facie* case of personal jurisdiction by establishing minimum contacts, the burden shifts to the defendant. In fact, once minimum contacts have been shown, jurisdiction is "presumptively constitutional." *O'Connor*, 496 F.3d at 324. A defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477.

Personal jurisdiction may be established by means of general jurisdiction or specific jurisdiction over a defendant.[2] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). If a defendant is subject to a forum's general jurisdiction, he or she can be sued there

---

[2] Personal jurisdiction can also be obtained through consent, waiver, or in-state service on an individual defendant. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-97 (1991) (regarding consent via a forum selection clause); *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 628 (1990) (regarding in-state service); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 104-05 (3d Cir. 2019) (regarding waiver); *Jasper v. Bexar Cnty. Adult Det. Ctr.*, 332 F. App'x. 718, 719 (3d Cir. 1999) (regarding consent). Defendant "did not[] and does not[] consent to jurisdiction." (Smith Cert., ¶ 4).

on any matter. *Id.* If, however, a defendant is solely subject to specific jurisdiction, he or she may only face suit in the forum if its activities concerning the forum are related to the claims in the suit. *Id.*

### (1) General Jurisdiction

"General (or 'all-purpose') jurisdiction permits a court to hear any and all claims against a defendant brought within a certain forum, even if those claims have nothing to do with any actions the defendant took in the forum." *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 257 (3d Cir. 2022) (citing *Goodyear*, 564 U.S. at 923). The sweeping "breadth" of such jurisdiction imposes one "correlative limit." *Ford Motor Co. v. Mont. Eight Jud. Dist. Ct.*, 592 U.S. 351, 358 (1945). The question is whether the defendant's "affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Goodyear*, 564 U.S. at 919); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984); *International Shoe*, 326 U.S. at 317. "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all purpose jurisdiction there." *Daimler*, 571 U.S. at 137. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear*, 564 U.S. at 924 (citation omitted). With respect to a corporation, the paradigmatic forum is the place of incorporation and principal place of business.[3] *Daimler*, 571 U.S. at 137 (citation omitted).

As a threshold matter, it is clear the Court lacks general jurisdiction over Defendants. (Defs.' Br. at 5). Plaintiff does not contest this point. (*See generally* Pl.'s Br.). Estes, the Executive

---

[3] The defendant's "contacts need not relate to the subject matter of the litigation[,]" *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp. 2d 629, 633 (D.N.J. 2004), but must rise to "'a very high threshold of business activity.'" *Id.* (quoting *Compagnie des Bauxites de Guinea v. Ins. Co. of N. Am.*, 651 F.2d 877, 890 n.2 (3d Cir. 1981) (Gibbons, J., dissenting)). The facts required to establish sufficient contacts for general jurisdiction must be "'extensive and persuasive.'" *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (quoting *Compagnie*, 651 F.2d at 890 (Gibbons, J., dissenting)). In other words, the plaintiff must demonstrate "significantly more than mere minimum contacts to [demonstrate] general jurisdiction." *Provident Nat'l Bank*, 819 F.2d at 437.

Producer and sole member of SOP House, resides in California not New Jersey. (Defs.' Br. at 2, 5 (citing Declaration of Julia Estes ("Estes Decl.") ECF No. 12-2 ¶¶ 3, 5, 6)). *See Daimler*, 571 U.S. at 122; *Goodyear*, 564 U.S. at 924. Additionally, Estes does not have a bank account in New Jersey, own or lease property in New Jersey, or pay taxes in New Jersey. (Estes Decl., ¶ 4). Similarly, SOP House is an entity that is incorporated in California and has its principal place of business in Los Angeles, California. (Defs.' Br. at 5 (citing Estes Decl., ¶ 6)). *See Daimler*, 571 U.S. at 138–39 (applying the "paradigm" for general jurisdiction over corporations to a limited liability company); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) ("'Principal place of business' refers to the place where the corporation's [] officers direct, control, and coordinate the corporation's activities."); see also *Hannah v. Johnson & Johnson Inc.*, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020) ("[A] limited liability company's citizenship is that of its principal place of business and state of incorporation" for purposes of general jurisdiction).

Defendants' contacts with New Jersey are not "so continuous and systematic" as to render Defendants essentially at home in the State, thus, the Court finds Defendants are not subject to general personal jurisdiction, *Daimler*, 571 U.S. at 127, and will confine the inquiry to whether to exercises specific jurisdiction over Defendants.

### (2) Specific Jurisdiction

"Specific" or "case-linked" jurisdiction depends on an affiliation between the forum state and the defendant's "suit-related conduct." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state." *Marten*, 499 F.3d at 296 (citing *Helicopteros*, 466 U.S. at 414-15, n.9). "A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Burger King*,

7

471 U.S. at 475 n.18). But "[t]he contacts must be the defendant's own choice and not 'random, isolated, or fortuitous.'" *Ford*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). Actual "[p]hysical presence within the forum is not required to establish personal jurisdiction over a nonresident defendant." *IMO Indus., Inc.*, 155 F.3d at 259.

The Third Circuit has laid out a three-part test to determine whether specific jurisdiction exists as to a particular defendant. *O'Connor*, 496 F.3d at 317. First, the defendant must have "purposefully directed [its] activities at the forum." *Id.* (internal quotation marks omitted). This factor has also been characterized as "purposeful availment," and focuses on contact that the defendant itself created within the forum state. *Burger King*, 471 U.S. at 475. The "purposefully directed" or "purposeful availment" requirement is designed to prevent a person from being haled into a jurisdiction "solely as [the] result of random, fortuitous, or attenuated contacts" or due to the "unilateral activity of another party or third person[.]" *Id.* (internal quotation marks omitted) (citing *Keeton*, 465 U.S. at 774; *World-Wide Volkswagen Corp.*, 444 U.S. at 299; *Helicopteros*, 466 U.S. at 417). "Second, the plaintiff's claims 'must [also] arise out of or relate to' the defendant's activities." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (quoting *O'Connor*, 496 F.3d at 317); *see also Helicopteros*, 466 U.S. at 414. "[T]hird, exercising personal jurisdiction must not 'offend traditional notions of fair play and substantial justice.'" *Danziger*, 948 F.3d at 130 (quoting *O'Connor*, 496 F.3d at 317); *see also International Shoe*, 326 U.S. at 316.

### a. Calder Effects Test

As an alternative means of establishing specific jurisdiction, when an intentional tort is alleged, a slight variation from the *O'Connor* three-part test, known as the *Calder* effects test, applies, *O'Connor*, 496 F.3d at 317 n. 2, which stems from the Supreme Court's decision in *Calder*

8

*v. Jones*, 465 U.S. 783 (1984) applies. The *Calder* effects test "can demonstrate a court's jurisdiction over a defendant even when the defendant's contacts with the forum alone [] are far too small to comport with the requirements of due process under our traditional analysis." *Marten*, 499 F.3d at 297 (internal quotation marks omitted); *see also IMO Indus.*, 155 F.3d at 265. Under *Calder*, "an intentional tort directed at the plaintiff and having sufficient impact upon [the plaintiff] in the forum may suffice to enhance otherwise insufficient contacts with the forum such that the 'minimum contacts' prong of the Due Process test is satisfied." *IMO Indus., Inc.*, 155 F.3d at 260. In *IMO Industries*, The Third Circuit held that the *Calder* effects test requires a plaintiff to show that:

> (1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity[.]

155 F.3d at 265–66 (footnote omitted); *Hasson v. FullStory, Inc.*, 114 F.4th 181, 187 (3d Cir. 2024) (citing *Remick v. Manfredy*, 238 F.3d 248, 258 (3d Cir. 2001)). The *Calder* effects test, as interpreted by the Third Circuit, requires that a defendant's "'conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there.'" *Marten*, 499 F.3d at 297 (quoting *World–Wide Volkswagen Corp.*, 444 U.S. at 297).

The Third Circuit recently clarified that, while *Calder*'s "effects" test is often applied "in assessing personal jurisdiction over intentional tortfeasors, . . . *Calder* [did not] carve out a special intentional torts exception to the traditional specific jurisdiction analysis." *Hasson*, 114 F.4th at 189 (citation omitted) (alteration in original).[4] Accordingly, the Court will consider whether it has

---

[4] The *Hasson* Court noted that "the 'effects' test has often been applied where the alleged tortfeasor has de minimis contacts with the forum, *see Marten*, 499 F.3d at 297, or where the tortious conduct occurs primarily 'outside the forum' but has an 'effect. . .within the forum,'" 114 F.4th at 189 (citing *IMO Indus., Inc.*, 155 F.3d at 261).

9

specific jurisdiction over Defendant under both the traditional test and the *Calder* "effects" test. *See id.* at 197 ("Though we agree with its application of *Calder*, the District Court also should have considered whether specific personal jurisdiction was proper under the traditional test as applied in *Ford Motor*.").[5]

To assert specific personal jurisdiction, Plaintiff must allege "claim-specific jurisdiction over Defendant[ ]," meaning "an affiliatio[n] between the forum and the underlying controversy." *Christie v. Nat'l Inst. for Newman Stud.*, 258 F. Supp. 3d 494, 499 (D.N.J. 2017) (second alteration in original) (quoting *Walden*, 571 U.S. at 283 n.6). A court's inquiry into specific personal jurisdiction upon a motion to dismiss a complaint asserting various types of claims, including breach of contract and intentional torts, is carried out through claim-specific analyses. *See Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (holding that the district court should conduct "a claim-specific analysis" when "there are different considerations in analyzing jurisdiction over" those claims). Because specific personal jurisdiction analysis is claim-specific, the Court addresses Plaintiff's contract claims, and intentional tort claims in turn.

### i. The Court Lacks Specific Jurisdiction Over Defendants Under the Traditional Test

Under the minimum contacts analysis, "an individual's contract with an out-of-state party . . . [cannot] automatically establish sufficient minimum contacts in the other party's home forum . . . ." *Burger King Corp.*, 471 U.S. at 478. Instead, "in contract claims[,] [the Third Circuit]

---

[5] The *Hasson* Court further noted that "while the 'effects' test and the traditional test 'are cut from the same cloth,' they have distinct requirements." 114 F.4th at 189 (citing *Marten*, 499 F.3d at 297). The Court further explained:
> [T]he effects test. . .require[s] that the tortious actions of the defendant have a forum-directed purpose[—a requirement that] is not applicable in the more traditional specific jurisdiction analysis. . . .Unlike th[e] express requirement in the effects test, the traditional specific jurisdiction analysis simply requires that the plaintiff's claims arise out of or relate to the defendant's forum contacts. We do not agree with the argument that this traditional requirement is the equivalent of *the more demanding relatedness requirement of the effects test*.

*Id.* (citing *Miller Yacht*, 384 F.3d at 99) (emphasis in the original) (cleaned up).

10

analyze[s] the totality of the circumstances surrounding a contract to determine whether the exercise of jurisdiction over the defendant is proper." *Miller Yacht Sales*, 384 F.3d at 99 (citing *Remick*, 238 F.3d at 255–56).

Plaintiff fails to establish the first prong of the traditional test—purposeful availment. Plaintiff has neither identified a contract with Defendants nor attached one to the Complaint. (*See, generally* Compl.). Even if a contract with Defendants were put forth, Plaintiff nevertheless fails to allege any facts connecting Defendants to New Jersey. Moreover, the Complaint lacks allegations showing that Defendants purposefully directed activity to New Jersey. Plaintiff's mere presence in New Jersey is insufficient. *See Walden*, 571 U.S. at 285 (explaining that the personal jurisdiction analysis "looks to the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there"). Neither Plaintiff's Complaint nor Jeffrey Siber's declaration indicate that, in connection with the purported agreement, Defendants traveled to New Jersey, transferred funds to the state, solicited business within its borders, hired agents in the forum, performed or planned to perform any part of the agreement here, or otherwise targeted the forum deliberately. *See* (Compl. ¶¶ 5, 37); *Security Validation LLC v. Bos. HelpDesk Inc.*, 2023 WL 6147862, at *4 (D.N.J. Sept. 20, 2023) (citing *Michael Williams Consulting LLC v. Wyckoff Heights Med. Ctr.*, No. 09-4328, 2010 WL 2674425, at *5 (D.N.J. June 30, 2010) (collecting cases identifying conduct that renders specific personal jurisdiction suitable)). Accordingly, Plaintiff fails to establish that Defendants purposefully directed their activity to New Jersey. *See Siegmeister v. Benford*, 2017 WL 2399573, at *4 (D.N.J. June 1, 2017) (no personal jurisdiction over defendant in breach of contract claim where defendant's only contacts with New Jersey were communications with plaintiff, transaction took place in California, and the only exchange of money was plaintiff paying defendant in California).

Since all three elements of the test must be met to establish specific personal jurisdiction, the Court need not consider the remaining two elements. *See O'Connor*, 496 F.3d at 317.

### ii. The Court Lacks Specific Jurisdiction Over Defendants Under the *Calder* "Effects" Test

The Third Circuit has cautioned that the effects test is to be applied narrowly— "At a minimum, [Plaintiff] must allege facts that establish that defendants 'expressly aimed' their conduct" at the forum state. *Marks v. Alfa Grp.*, 369 F. App'x 368, 370 (3d Cir. 2010). Like the traditional test, all three *Calder* elements must be met. Accordingly, courts need not consider the first two elements if the third element is not met. *Marten*, 499 F.3d at 297. To satisfy the expressly aimed prong, the plaintiff must: (1) "show that the defendant *knew* that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum," and (2) "point to specific activity indicating that the defendant *expressly aimed* its tortious conduct at the forum." *IMO Industries, Inc.*, 155 F.3d at 266 (emphasis added).[6]

Under the *Calder* effects test the Court similarly lacks specific jurisdiction over Defendants for Plaintiff's tort claims. Plaintiff has not demonstrated it "felt the brunt of the harm" due to Defendants alleged actions in New Jersey. Plaintiff claims that Defendants' "disparaging" comments harmed its relationship with Spotify—a Swedish based company—which caused Spotify to not "engage Plaintiff for its event in 2024"—an event that occurs in New York. (Compl. ¶¶ 8, 10). *See Security Validation LLC*, 2023 WL 6147862 at *4 (court lacked specific jurisdiction over tort claim where "Plaintiff [did] not identify any specific potential or existing client of Plaintiff's located in New Jersey with whom Defendants interfered"); *IMO Industries, Inc.*, 155 F. 3d at 268 (court lacked jurisdiction over tortious interference claim by New Jersey corporation

---

[6] The plaintiff carries an "onerous burden" in making that showing. *Torre v. Kardooni*, No. 22-4693, 2022 WL 17813069, at *4 (D.N.J. Dec. 19, 2022), *report and recommendation adopted*, No. 22-4693, 2022 WL 17812193 (D.N.J. Nov. 29, 2022).

based on defendant's alleged interference with sale of Italian company during solicitation of bids in New York); *Marks*, 369 F. App'x at 370 (allegations that "defendants knew [plaintiff] practiced law in Pennsylvania when they released the letter to the media" were insufficient to establish personal jurisdiction).

Moreover, Defendants alleged "disparaging" comments to planners "who were in close communication with Spotify" that Plaintiff was responsible for "certain failures" at "SpotiFEST NY '23" cannot be said to have expressly targeted New Jersey. (Compl. ¶¶ 8-9). *Hasson*, 114 F.4th at 191 ("[T]he effects test prevents a defendant from being haled into a jurisdiction solely because the defendant intentionally caused harm that was felt in the forum state if the defendant did not expressly aim [its] conduct at that state.") (quoting *Marten*, 499 F.3d at 297); *Stewart v. Stuckey-Smith*, 2022 WL 17069966, at *6 (D.N.J. Oct. 28, 2022), *report and recommendation adopted*, 2022 WL 17069697 (D.N.J. Nov. 17, 2022) (no personal jurisdiction over out of state defendant who posted allegedly defamatory comments about New Jersey-based plaintiff on social media where posts did not mention New Jersey or activities in New Jersey); *Marten*, 499 F.3d at 298 (stating that "nothing in the record indicates that defendants made defamatory statements or sent defamatory material to anyone in" the forum state and that "where defendants aimed their defamatory statements is jurisdictionally significant"); *Weerhandi v. Shelesh*, No. 16-6131, 2017 WL 4330365, at *5 (D.N.J. Sept. 29, 2017) (finding no personal jurisdiction where plaintiff had failed to show that the defendants' defamatory comments "had any effect in the forum beyond their effect on him").

"[T]he plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Here, that is the only link Plaintiff's Complaint has proffered.

Accordingly, the Court lacks specific jurisdiction over Defendants and need not reach the parties arguments under 12(b)(6) for failure to state a claim. *See McGarvey v. Great Wolf Lodge*, No. 24-07103, 2025 WL 73387, at *4 (D.N.J. January 10, 2025) ("Accordingly, having found that Plaintiffs have failed to satisfy their burden of establishing by a preponderance of the evidence that this Court may exercise personal jurisdiction over Defendants, the Court will not address Defendants' Rule 12(b)(6) motion.") (citation omitted); *Gil v. Petco Health and Wellness Co.*, 2024 WL 3949321, at *6 n.5 (D.N.J. 2024) ("As this Court concludes a lack of both specific and general jurisdiction, it declines to address [defendant's] specific arguments under Rule 12(b)(6) for failure to state a claim.").

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 12) is **GRANTED**, and Plaintiff's Complaint (ECF No. 2) is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

DATED: March 19, 2025

JULIEN XAVIER NEALS
United States District Judge